UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARLINA VONSHAY NUTE | C.A. NO. 07-0081-M |
| VERSUS | JUDGE JAMES |
| PILGRIM'S PRIDE CORPORATION | MAGISTRATE JUDGE HAYES |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Pilgrim's Pride Corporation ("PPC" or the "Defendant") files this Memorandum in Support of its Motion to Dismiss. This case is currently stayed because PPC filed for Chapter 11 bankruptcy protection during the pendency of this suit. Thereafter, pursuant to an order of the bankruptcy court, PPC provided Plaintiff with notice of the bankruptcy court's entry of a general bar date and a deadline to file a proof of claim. Plaintiff did not file a proof of claim, Plaintiff's claims are now discharged, and Plaintiff is barred, estopped, and enjoyed from continuing her claim in this Court. Thus, Plaintiff's case should be dismissed.

On December 1, 2008 (the "Petition Date"), PPC and its debtor affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). The Debtors' cases are being jointly administered under Case No. 08-45664 (DML). Pursuant to 11 U.S.C. § 362(1) of the Bankruptcy Code, the commencement or continuation of all actions against the Debtors were stayed. This stay included Plaintiff's claim for damages alleged in this lawsuit.

On December 8, 2008, PPC filed a notice of bankruptcy with this Court (Rec. Doc. 35). On December 11, 2008, in a status conference with the Magistrate Judge, PPC's

counsel also advised the Magistrate Judge of PPC's bankruptcy. *See*, Rec. Doc. 36 (minutes of status conference). This case was thereafter administratively closed and a stay order was issued (Rec. Doc. 38).

On April 1, 2009, the Bankruptcy Court entered an Order [Bankruptcy Docket No. 1352] (the "Bar Date Order") establishing June 1, 2009 (the "General Bar Date") as the deadline for submitting claims against the Debtors that arose prior to the Petition Date. Pursuant to the Bar Date Order, the Debtors caused notices of the General Bar Date and "proof of claim" forms (collectively, the "General Bar Date Notice"), attached as exhibits to the General Bar Date Order, to be mailed to, among others, all parties known to the Debtors as having potential claims against the Debtors' estates as of the Commencement Date. The Certificate of Service, the relevant portions of which are attached as **Exhibit A**, to the Motion to Dismiss evidences that Plaintiff was served with the General Bar Date Notice.[1]

The General Bar Date Notice specifically stated in paragraph 6:

> **[A]ny creditor who fails to file a Proof of Claim** on or before the General Bar Date for any Claim such creditor holds against the Debtors, **will be forever barred, estopped, and enjoined from asserting such Claim** (and from filing a Proof of Claim with respect to such Claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such Claim, and the holder of such Claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such Claim or to receive further notice regarding such Claim or with respect to the Debtors' chapter 11 cases.

(Emphasis added).

Pursuant to section 1129 of the Bankruptcy Code, on December 10, 2009, the Bankruptcy Court entered an order [Bankruptcy Docket No. 4399] (the "Confirmation Order")

---

[1] Exhibit A shows that notice was sent to Plaintiff care of her attorney, Allison A. Jones, at Ms. Jones' address. Plaintiff was also sent notice care of her former attorney, Dennis W. Hallack, at Ms. Jones' address.

confirming Debtors' Amended Joint Plan of Reorganization under chapter 11 of the Bankruptcy Code (as modified) (the "Plan"). The Plan became effective on December 28, 2009 (the "Effective Date").

> Article 10.2 of the Plan states:
>
> [U]pon the Effective Date, all existing Claims against…the Debtors shall be, and shall be deemed to be, discharged, terminated, and cancelled, as applicable, and all holders of Claims…shall be precluded and enjoined from asserting against the Reorganized Debtors…any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim….[2]
>
> Article 10.3 of the Plan continues:
>
> Upon the Effective Date…each holder…of a Claim…shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, rights, and liabilities that arose prior to the Effective Date. As provided in section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtors, their estates, or any successor thereto at any time obtained to the extent it relates to a Claim discharged. Upon the Effective Date, all persons shall be forever precluded and enjoined pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any discharged Claim against the Debtors, the estates, or any successor thereto.
>
> The Confirmation Order reiterated the injunction, which prohibits Plaintiff from continuing this lawsuit. Paragraph 37 states with bold in the original:
>
>> (a) **[A]ll persons or entities who have held, hold or may hold Claims against…the Debtors…are temporarily enjoined, from and after the Effective Date, from taking any of the following actions against the Debtors, the Reorganized Debtors, their respective estates, any Protected Person, or any of their respective property with respect to such Claim…**

---

[2] Capitalized terms quoted from the Plan shall have the meaning ascribed to those terms therein.

> (i) commencing or continuing in any manner any action or other proceeding of any kind....
>
> **Such injunction shall extend to any successors of the Debtors and the Reorganized Debtors and their respective properties and interests in properties.**

Paragraph 38, entitled "Terms of Injunctions or Stays," goes on to state that pursuant to section 524 of the Bankruptcy Code, the automatic stay was replaced by an injunction (the "Discharge Injunction") against the commencement or continuation of actions against the Debtor, including the this lawsuit.

On December 28, 2009, a Notice of (A) Entry of an Order Confirming the Debtors' Joint Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as Modified) and (B) Occurrence of the Effective Date, which set February 26, 2010 as the deadline to file proofs or requests for payment of claims arising after the Petition Date [Bankruptcy Docket No. 4533] (the "Confirmation Order Notice") was filed in the Bankruptcy Court. PPC sent the Confirmation Order Notice to Plaintiff as evidenced by the Certificate of Service, the relevant portions of which are attached as **Exhibit B** to the Motion to Dismiss.[3]

On January 14, 2010, the Bankruptcy Court entered a Memorandum Opinion and Order [Bankruptcy Docket No. 4614] (the "Bankruptcy Memorandum Order") regarding the Confirmation Order, which specifically discussed claims and lawsuits just like Plaintiff's. In the Bankruptcy Memorandum Order, the Bankruptcy Court stated that "[s]ection 1141(d) provides for a discharge of Debtors that extends to most claims that may have been asserted against them. Section 524(a)(2) of the Code provides that a discharge granted pursuant to the Code operates as an injunction against pursuit of a discharged debtor for any discharged claim."

---

[3] Exhibit B shows that notice was sent to Plaintiff care of her attorney, Allison A. Jones, at Ms. Jones' address. Plaintiff was also sent notice care of her former attorney, Dennis W. Hallack, at Ms. Jones' address.

Despite receiving the Bar Date Notice (including the notice to file a proof of claim) and the Confirmation Order Notice, Plaintiff never filed a proof of claim for any of her alleged claims against PPC, including the ones making up the basis of this lawsuit. Thus, Plaintiff is now forever barred, estopped, and enjoined from asserting such claims in this Court. Further, pursuant to the Confirmation Order and Plan, Plaintiff's claims were discharged, and any judgment regarding those claims is of no effect and void. PPC respectfully requests that its motion to dismiss be granted and that Plaintiff's case be dismissed with prejudice.

          Respectfully submitted,

          _____
          A. Edward Hardin, Jr., T.A. (#25079)
          Scott D. Huffstetler (#28615)
          KEAN, MILLER, HAWTHORNE, D'ARMOND,
          McCOWAN & JARMAN, L.L.P.
          One American Place, 22nd Floor
          Post Office Box 3513 (70821)
          Baton Rouge, Louisiana 70825
          Telephone: (225) 387-0999
          Facsimile: (225) 388-9133

          *Attorneys for Pilgrim's Pride Corporation*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 6, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following, by operation of the Court's electronic filing system:

   Allison A. Jones
   Davidson, Jones & Summers
   509 Market Street, Suite 800
   Shreveport, LA 71101


           */s/ A. Edward Hardin, Jr.*
           A. Edward Hardin, Jr.