RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/16/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARLINA VONSHAY NUTE | CIVIL ACTION NO. 07-0081 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PILGRIM'S PRIDE CORPORATION | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Dismiss [Doc. No. 39] filed by Defendant Pilgrim's Pride Corporation ("PPC"). For the following reasons, the motion is GRANTED, and Plaintiff Marlina Vonshay Nute's ("Nute") claims against PPC are DISMISSED WITH PREJUDICE.

### I. FACTUAL BACKGROUND

This case involves claims brought by Nute under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, against PPC for wrongful denial of FMLA leave and wrongful termination of employment.

On January 16, 2007, Nute filed suit against PPC in this Court. On July 1, 2008, the case was stayed pending the outcome of a binding court's decision that the parties thought could be determinative on the enforceability of an arbitration clause at issue. [Doc. No. 34]. However, on December 1, 2008, PPC and its affiliates filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas. *See* Case No. 08-45664 (DML). On December 11, 2008, PPC filed notice of its bankruptcy proceeding with the Court. [Doc. No. 35]. In accordance with 11 U.S.C. § 362, and in addition to the stay already in place, the Court noted that this case was stayed pending PPC's emergence from bankruptcy. [Doc. No. 38].

On April 1, 2009, the bankruptcy court entered an order ("Bar Date Order") establishing June

1, 2009, as the deadline for submitting pre-petition claims against PPC.[1] *In re Pilgrim's Pride Corp.*, No. 08-45664 (DML) (Bankr. N.D. Tex. April 1, 2009) (Doc. No. 1352). The Bar Date Order states, in pertinent part:

> [A]ny holder of a Claim against the Debtors who is required to file a Proof of Claim, but fails to file a proof of such claim in accordance with this Order on or before the General Bar Date is forever barred, estopped and enjoined from asserting such Claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim . . . .

*Id.* (Doc. No. 1352).

Pursuant to the Bar Date Order, on April 15, 2009, PPC sent notice ("Bar Date Notice")[2] of the Bar Date Order to Nute and provided her a form to file a proof of claim in the bankruptcy proceeding. [Doc. No. 39, Exhibit A]. However, Nute did not file a proof of claim.

On December 10, 2009, the bankruptcy court entered an order ("Confirmation Order") confirming PPC's plan of reorganization ("the Plan"), which became effective on December 28, 2009. *In re Pilgrim's Pride Corp.*, No. 08-45664 (DML) (Bankr. N.D. Tex. April 1, 2009) (Doc.

---

[1] The Bar Date Order, the notice PPC sent to Nute of the Bar Date Order, PPC's plan of reorganization, and the bankruptcy court's order confirming PPC's plan of reorganization were not attached to the Motion to Dismiss. Regardless, those documents are all found in the record of the bankruptcy court. The Court takes judicial notice of those documents. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

[2] The Bar Date Notice states: "[A]ny creditor who fails to file a Proof of Claim on or before the General Bar Date for any Claim such creditor holds against the Debtors, will be forever barred, estopped, and enjoined from asserting such Claim (and from filing a Proof of Claim with respect to such Claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such Claim, and the holder of such Claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such Claim or to receive further notice regarding such Claim or with respect to the Debtors' chapter 11 cases." Case No. 08-45664 (DML), Doc. No. 1352.

No. 4339).

Section 10.2 and 10.3 of the Plan states, in pertinent part:

> Except as provided in the Plan, upon the Effective Date, all existing Claims against . . . the debtors shall be, and shall be deemed to be, discharged, terminated, and cancelled, as applicable, and all holders of Claims . . . shall be precluded and enjoined from asserting against the Reorganized Debtors . . . any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim . . . .
>
> . . .
>
> Upon the Effective Date . . . each holder . . . of a Claim . . . shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, rights, and liabilities that arose prior to the Effective Date. As provided in section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtors, their estates, or any successor thereto at any time obtained to the extent it relates to a Claim discharged. Upon the Effective Date, all persons shall be forever precluded and enjoined pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any discharged Claim against the debtors, the estates, or any successor thereto.

*Id.* (Doc. No. 4035).

On May 6, 2010, PPC filed the pending motion to dismiss [Doc. No. 39]. Nute did not file a memorandum in opposition to the motion.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotations and citations omitted). In evaluating a

motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 285 (5th Cir. 1993) (citation omitted). The court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

## B.    Bankruptcy Discharge

PPC asserts that Nute's claims should be dismissed because her claims were discharged in PPC's bankruptcy proceeding.[3]

Chapter 11, U.S.C. § 1141(d)(1) states, in pertinent part: "Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not . . . a proof of the claim based on such debt is filed . . . ." "A discharge . . . operates as an injunction against the commencement or continuation of an action." 11 U.S.C. § 524(a). Portions of the Confirmation Order and the Plan exempt at least some of the creditors that filed proofs of their claims in PPC's bankruptcy proceeding from the general rule of § 1141(d)(1) that the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation.

In this case, Nute did not file a proof of claim, and the Confirmation Order and the Plan do

---

[3]Implicit in PPC's motion to dismiss is that the stay of this case was automatically lifted once Nute's claims against PPC were discharged. A "stay continues until the earliest of-- (A) the time the case is closed; (B) the time the case is dismissed; or (C) . . . the time a discharge is granted or denied . . . ." 11 U.S.C. § 362. Because the Court finds that Nute's claims against PPC were discharged by the Confirmation Order and the Plan, the stay was automatically lifted and the Court may render judgment in this case.

not exempt her or the type of claim at issue from the general rule of § 1141(d)(1). Therefore, the Court finds that Nute's claims against PPC, as alleged in this case, were discharged in PPC's bankruptcy proceeding, and Nute is now enjoined from asserting those claims against PPC.

Accordingly, Nute's claims against PPC are DISMISSED WITH PREJUDICE.

### III. CONCLUSION

For the foregoing reasons, PPC's Motion to Dismiss [Doc. No. 39] is GRANTED, and Nute's claims against PPC are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 15 day of June, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE