UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARLINA VONSHAY NUTE** | **CIVIL ACTION NO. 07-0081** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **PILGRIM'S PRIDE CORPORATION** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Marlina Vonshay Nute's ("Nute") "Motion for Reopening My Case." [Doc. No. 44].

On January 16, 2007, Nute filed this case against Defendant Pilgrim's Pride Corporation ("PPC") alleging wrongful denial of leave and wrongful termination of employment under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq*. [Doc. No. 1]. On April 20, 2007, PPC filed an answer. [Doc. No. 8]. On December 1, 2008, PPC and its affiliates filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas. *See* Case No. 08-45664 (DML). On December 11, 2008, PPC filed notice of its Chapter 11 bankruptcy proceeding with this Court. [Doc. No. 35]. In accordance with 11 U.S.C. § 362, the Court noted that this case was stayed pending PPC's emergence from bankruptcy. [Doc. No. 38].

On April 1, 2009, the bankruptcy court entered an order ("Bar Date Order") establishing June 1, 2009, as the deadline for submitting pre-petition claims against PPC. *In re Pilgrim's Pride Corp.*, No. 08-45664 (DML) (Bankr. N.D. Tex. April 1, 2009) (Doc. No. 1352). On April 15, 2009, PPC sent notice of the Bar Date Order to Nute, through her attorney, Allison Jones. [Doc. No. 39, Ex. A]. Nute, however, did not file a proof of claim with the bankruptcy court.

On May 6, 2010, PPC filed a Motion to Dismiss. [Doc. No. 39]. Nute did not file a

memorandum in opposition to the motion, and the Court granted the Motion to Dismiss with prejudice on June 16, 2010. [Doc. No. 42].

On December 30, 2011, Nute filed the pending Motion for Reopening. [Doc. No. 44].

The Federal Rules of Civil Procedure do not specifically provide for a motion to reopen, but the Fifth Circuit Court of Appeals frequently construes such motions as motions to alter or amend under Rule 59(e) or as motions for relief from judgment under Rule 60(b). *See*, *e.g.*, *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (noting that a motion to reopen may be construed as either a motion to alter or amend under Rule 59(e) or a motion for relief from judgment under Rule 60(b) (citing *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990) abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc))).

If a motion to reopen is filed more than twenty-eight days after entry of judgment, the Court must treat it as a motion for relief from judgment under Rule 60(b). FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). If a party moves for relief from judgment under the first three subsections, the motion must be filed "no more than a year after the entry of the judgment or order or the date of the

proceeding." FED. R. CIV. P. 60(c). For the remaining three subsections, the motion must be filed "within a reasonable time." *Id.*

Here, Nute filed her motion over a year after the Court's Judgment. Therefore, the Court must construe Nute's motion as a motion to alter or amend under Rule 60(b).

In her Motion for Reopening, Nute alleges that her attorney failed to meet the bankruptcy court's deadline for submitting pre-petition claims against PPC. Nute also states that she has been trying in vain to contact her attorney for an unspecified length of time. Nute states that she was able to speak with her attorney once during April 2011, but Nute's attorney allegedly told her that she could not pursue her case while PPC was in bankruptcy.

The Court finds that Nute has not stated a basis for the Court to grant relief under Rule 60(b). First, to the extent Nute contends that the judgment should be reopened on the basis of inadvertence, excusable neglect, newly discovered evidence, or fraud, her motion is untimely. Second, Nute has not asserted a basis for relief under the remaining provisions of Rule 60(b). To the extent that Nute contends she is entitled to relief under the equitable, catchall provision of Rule 60(b)(6), Nute has not demonstrated the extraordinary circumstances required for relief pursuant to this subsection. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'" (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990))).

IT IS ORDERED that Smith's Motion for Reopening [Doc. No. 44] is DENIED.

MONROE, LOUISIANA, this 27th day of January, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE